**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 1:11-cv-23051-DLG

CHANEL, INC. and LOUIS VUITTON
MALLETIER, S.A.,

      Plaintiffs,

  v.

ZHITIAN DAI *et al.*,

      Defendants.
_____/

**PLAINTIFFS' *EX PARTE* APPLICATION FOR ENTRY OF**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY**
**INJUNCTION AND ORDER RESTRAINING TRANSFER**
**OF ASSETS TIED TO THE COUNTERFEITING OPERATION**

Plaintiffs, Chanel, Inc. ("Chanel") and Louis Vuitton Malletier, S.A. ("Louis Vuitton") (collectively "Plaintiffs"), hereby do apply, on an *ex parte* basis, for entry of a temporary restraining order and an order restraining transfer of assets, and upon expiration of the temporary restraining order, a preliminary injunction against Defendants Zhitian Dai and Does 1-10 (collectively "Defendants") doing business as the domain names identified on Schedule "A" hereto (the "Subject Domain Names") pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

Good cause exists for the foregoing orders. The named Defendant and various unknown associates are promoting, selling, offering for sale and distributing goods bearing counterfeits of Plaintiffs' respective trademarks within this Judicial District through various fully interactive commercial Internet websites. Defendants' activities constitute willful and intentional infringement and counterfeiting of Plaintiffs' trademarks in total disregard of Plaintiffs' rights, and have taken place in spite of Defendants' knowledge that their use of Plaintiffs' trademarks

was and is in direct contravention of Plaintiffs' respective rights. Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiffs.

This Application is brought on an *ex parte* basis pursuant to Federal Rule of Civil Procedure 65. Temporary restraining orders are available on an *ex parte* basis when there is a threat of intervening irreparable harm before the preliminary injunction may be heard. Fed. R. Civ. P. 65(b). As set forth in detail in the accompanying Memorandum of Points and Authorities and Declaration of Stephen M. Gaffigan ("Gaffigan Decl."), Plaintiffs are seeking *ex parte* relief, and have made no effort to notify Defendants of this *Ex Parte* Application, because if they proceed on notice to Defendants prior to freezing Defendants' financial accounts, it will likely cause the Defendants to secret or alienate their funds, thereby thwarting Plaintiffs' ability to obtain meaningful relief. Moreover, Plaintiffs reasonably believe that if they proceed on notice to Defendants prior to modifying control of the domain names at issue, Defendants can easily and quickly transfer the registrations for the domain names, or modify registration data and content, change hosts, and redirect traffic to other websites, further thwarting Plaintiff's ability to obtain meaningful relief. This Court should prevent an injustice from occurring by issuing an *ex parte* temporary restraining order which precludes Defendants from continuing to display their infringing content via the websites operating under the domain names at issue and which temporarily freezes the financial accounts tied to their counterfeiting scheme. Only such an order will prevent ongoing irreparable harm to Plaintiffs.

This Application is based upon the accompanying Memorandum of Points and Authorities and the Declarations of Stephen M. Gaffigan, Adrienne Hahn Sisbarro, Nikolay Livadkin, and Eric Rosaler, and exhibits thereto, filed concurrently herewith, and the complete

files and records of this action, and such other matters as Plaintiffs may call to the Court's attention at or before the time of hearing.

  WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Court grant its *ex parte* application and enter a temporary restraining order, enter an order freezing the financial accounts tied to conduct the counterfeiting operation, and schedule a hearing on Plaintiffs' Motion for Preliminary Injunction before the expiration of the Temporary Restraining Order.

DATED: August 31, 2011.         Respectfully submitted,

                STEPHEN M. GAFFIGAN, P.A.

                By: _____s:/smgaffigan/_____
                  Stephen M. Gaffigan (Fla. Bar No. 025844)
                  Virgilio Gigante (Fla. Bar No. 082635)
                  401 East Las Olas Blvd., #130-453
                  Ft. Lauderdale, Florida 33301
                  Telephone: (954) 767-4819
                  Facsimile: (954) 767-4821
                  E-mail: leo@smgpa.net
                  E-mail: stephen@smgpa.net

                Attorneys for Plaintiffs CHANEL, INC. and
                LOUIS VUITTON MALLETIER, S.A.

## SCHEDULE "A"
## SUBJECT DOMAIN NAMES

1. beautifulcity.info
2. bestapparelforu.info
3. luxurybagsnow.com
4. niceapparel.info
5. nicegiftsforu.info
6. nicegiftsforu1.info
7. nicegiftsforu2.com
8. nicegiftsforu3.com
9. nicegiftsforu4.com
10. nicegiftsforu5.com
11. nicegiftsforu6.com
12. nicegiftsforutoday.info
13. shopwhatulove.info
14. uggaustraliashoes.info